# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34589

STATE OF IDAHO, )
)   Boise, February 2009Term
    Plaintiff-Respondent, )
)   2009 Opinion No. 49
v. )
)   Filed: April 6, 2009
KAY JAMES KOFOED, )
)   Stephen W. Kenyon, Clerk
    Defendant-Appellant. )
)

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Payette County. The Hon. Stephen W. Drescher, District Judge.

The judgment of the district court is <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Daniel W. Bower argued.

_____

EISMANN, Chief Justice.

This is an appeal from the denial of a motion to suppress alleging that law enforcement officers executing a search warrant did not wait long enough after knocking and announcing their authority and purpose. We affirm the district court's denial of the motion to suppress.

## I. FACTS AND PROCEDURAL HISTORY

Based primarily upon information that he obtained on October 24 and 30, 2006, Detective Sergeant Huff of the Fruitland Police Department had probable cause to believe that methamphetamine was being manufactured in outbuildings associated with a workshop in which Kay Kofoed worked and resided. On November 2, 2006, Detective Huff obtained a warrant to search the workshop and outbuildings for controlled substances including methamphetamine; for materials used to store, conceal, or package controlled substances; for any documentary or electronically recorded records of transactions in or a possessory interest in controlled

substances; for drug paraphernalia; for indicia of ownership, occupancy, or control of the premises to be searched; and for any document suggesting the manufacture, sale, distribution, or use of any unauthorized controlled substances.

On November 3, 2006, at about 1:00 p.m., city and county law enforcement officers executed the search warrant. Two officers walked up to the door of the workshop and knocked on it. After waiting about two seconds, one of them announced, "Sheriff's Office, search warrant!" They then heard a sound like something was dropped or kicked and then footsteps moving quickly away from the door. The announcing officer opened the unlocked door and entered the workshop, where they encountered Kofoed. The time lapse between the officer announcing his authority and purpose and his opening of the door was about four seconds.

Based upon evidence found during the search, Kofoed was charged with felony possession of methamphetamine. He moved to suppress the evidence found during the search on several grounds, including that the officers' failure to wait longer after knocking and announcing their authority and purpose violated Idaho's "knock and announce" statutes[1] and the Fourth Amendment to the United States Constitution. The district court held that there were exigent circumstances that justified any alleged violation of the knock and announce requirement. The court found that when the officers "heard sounds that indicated people were quickly moving away from the door, it was reasonable for them to believe that evidence was being, or was about to be, destroyed, thereby creating exigent circumstances that justified the officers' hurried entry into the building." The court denied Kofoed's motion to suppress.

After the denial of the motion to suppress, Kofoed entered into a plea agreement under which Kofoed agreed to plead guilty and reserved his right to appeal the denial of his motion to suppress. He later pled guilty to possession of methamphetamine and was sentenced to four years in the custody of the Idaho Board of Correction, with one and one-half years fixed and two and one-half years indeterminate. The court retained jurisdiction for one hundred eighty days. Kofoed then timely appealed.

---

[1] Idaho Code § 19-4409 provides:
> **Service of warrant – Breaking open doors.** The officer may break open any outer or inner door or window of a house, or any part of a house, or any thing therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance.

## II. ANALYSIS

The issue on appeal is whether the officers violated the Fourth Amendment to the Constitution of the United States by failing to wait longer before entering the workshop to execute the search warrant.[2]  In *Wilson v. Arkansas*, 514 U.S. 927 (1995), the United States Supreme Court held that the Fourth Amendment incorporates the common-law rule requiring officers entering a dwelling to knock on the door and announce their identity and purpose before attempting forcible entry.  The interests protected by the rule are avoiding violence that may result from a resident being surprised by an unannounced entry, giving the resident an opportunity to avoid damage to the property that could result from forced entry, and protecting privacy by giving residents an opportunity to prepare themselves for the police entry.  *Hudson v. Michigan*, 547 U.S. 586, 594 (2006).

"In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence."  *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997).  The showing required for a reasonable suspicion is not high; it is less than probable cause.  *Id*.

Even if there are no circumstances justifying a "no-knock" entry when the police arrive, those circumstances may develop after the officers knock and announce their identity and purpose.  *United States v. Banks*, 540 U.S. 31, 38 (2003).  "[T]here is no reason to treat a post-knock exigency differently from the no-knock counterpart."  *Id*. at 40.  Once they have knocked and announced, the officers could reasonably suspect that persons in the premises would know of the officers' presence and purpose.  The issue then becomes what would be a reasonable waiting time before making a forcible entry.  *Id*. at 39.  That determination is made based upon the facts known to the police at the time, not upon 20/20 hindsight.  *Id*.

---

[2] In his motion to suppress, Kofoed stated that the basis of the motion was, "The evidence was seized pursuant to an invalid search warrant and in violation of Defendant's Constitutional rights as more fully set out in the attached Memorandum in Support of Motion to Suppress."  In his supporting memorandum, Kofoed wrote that he brought the motion to suppress "for violation of his Fourth and Fourteenth Amendment rights under the United States Constitution and his rights under Idaho Constitution Article I, Section 17."  With respect to the alleged knock-and-announce violation, Kofoed cited the Fourth Amendment and stated that the officer's conduct violated "this State's knock and announce statute."  His only other mention of the Idaho Constitution in his memorandum was in support of his argument that the search warrant was invalid.  Kofoed did not argue below that either Article I, § 17, of the Idaho Constitution or Idaho Code § 19-4409 provide greater protection than the Fourth Amendment.

If there are exigent circumstances, a reasonable wait time is not determined by how long it would take someone in the residence to answer the door after the police knocked. *Id*. at 40. If the police claim there was an exigency justifying their actions, then the inquiry is whether the police had reasonable suspicion that the exigency existed and, if so, what wait time would be reasonable in light of that exigency. *Id*. at 37-40. "Once the exigency ha[s] matured, the officers [are] not bound to learn anything more or wait any longer before going in, even though their entry entail[s] some harm to the building." *Id*. at 40.

In this case, the exigency claimed was that the persons present in the workshop may destroy evidence. Thus, the inquiry is whether the officers could reasonably suspect that someone in the workshop may attempt to destroy evidence and how long the officers could reasonably suspect it would take to do so. *Id*. Because the exigency justifies an entry to prevent the destruction of evidence, a reasonable wait time would be less than the time the officers reasonably suspected it would take to do so. In denying the motion to suppress, the district court found as follows:

> In this case the warrant was executed close to noon, when people would normally be up and about. However, the officers could not be sure of the amount of drugs or other evidence that would be present. Thus, when they heard sounds that indicated people were quickly moving away from the door, it was reasonable for them to believe that evidence was being, or was about to be, destroyed, thereby creating exigent circumstances that justified the officers' hurried entry into the building. As the officers' entry was justified based on the exigent circumstances, the evidence discovered as a result thereof should not be excluded.

After the officers knocked and announced that they were from the sheriff's office and had a search warrant, they heard people moving quickly away from the door. They could reasonably suspect that those persons would attempt to destroy evidence. The purpose of the search warrant was to obtain controlled substances, including methamphetamine, and other evidence related to the manufacture, use, or sale of that drug. The officers could reasonably suspect that the time it would take to dispose of or destroy evidence would be quite short. For example, in *Richards v. Wisconsin*, 520 U.S. 385 (1997), several police officers went to the defendant's motel room to execute a search warrant for drugs and related paraphernalia. The lead officer was dressed as a maintenance man, but one of the officers accompanying him was in uniform. The lead officer knocked on the door and stated he was a maintenance man. With the chain still on the door, the defendant cracked it open. When he saw the officer in uniform standing behind the lead officer, the defendant slammed the door shut. The officers waited two or three seconds before kicking

4

and ramming the door to force it open. As they were kicking the door in, they announced that they were police officers. When they finally broke into the room, they saw the defendant attempting to escape through a window. The Supreme Court held that the officers' no-knock entry into the motel room did not violate the Fourth Amendment. It reasoned, "These actual circumstance – petitioner's apparent recognition of the officers combined with the easily disposable nature of the drugs – justified the officers' ultimate decision to enter without first announcing their presence and authority." 520 U.S. at 396.

Kofoed argues that there was no exigency in this case because the officers suspected that he was manufacturing methamphetamine, and it would take longer to dispose of evidence of manufacturing than to dispose of the drug itself. He also argues that they had no knowledge of the quantity of drugs on the premises and therefore would not know how long it would take to dispose of all of the drugs. These arguments are unavailing for two reasons. First, the manufacturing was suspected to be occurring in the outbuildings, not in the workshop where Kofoed lived. More importantly, "[s]uspects have no constitutional right to destroy or dispose of evidence." *Kerr v. California*, 374 U.S. 23, 39 (1963). The exigency permitting noncompliance with the knock-and-announce rule is not intended merely to prevent the destruction of every shred of evidence located in the premises. The police do not have to wait at the door in order to give the suspect time to destroy some of the evidence. In stating this exigency, the Supreme Court wrote that it is not necessary to knock and announce "if there is 'reason to believe that evidence would likely be destroyed if advance notice were given.'" *Hudson v. Michigan*, 547 U.S. 586, 589 (2006). It did not quantify the amount of evidence that there must be reason to believe would likely be destroyed.

In this case, the district court did not err in denying the motion to suppress. We therefore affirm the judgment.

## IV.  CONCLUSION

The judgment of the district court is affirmed.


Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

5